HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERAGREN, LLC, a Washington limited
liability company,

                Plaintiff,

     v.

SMITH & FONG COMPANY, a California
corporation,

                Defendant.

Case No.: 07-5612RBL

ORDER DENYING PLAINTIFF'S
MOTION TO DISMISS CERTAIN
AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS, OR, IN THE
ALTERNATIVE, FOR A MORE
DEFINITE STATEMENT

## I.  Introduction.

This matter comes before the Court on the Plaintiff's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for a More Definite Statement.  (Dkt. #9)  The Plaintiff's claim that a number of the Defendant's affirmative defenses and counterclaims should be dismissed because the allegations are not sufficiently pleaded, pursuant to Fed. R. Civ. P. 9(b).  In addition, the Plaintiff contends that the Defendant's conclusory allegations of misconduct under antitrust laws, as well as violations of the Washington Consumer Protection Act and the Lanham Act, are insufficient as a matter of law.  Having reviewed the parties' submissions, the Court hereby DENIES the Plaintiff's motion, and will instead permit the Defendant to amend

its Answer, Affirmative Defenses, and Counterclaims.[1]  The reasons for the Court's order are set forth below.

## II.  Background

The Plaintiff and Defendant are separately in the business of processing bamboo floor paneling.  On August 6, 1996, the United States Patent Office issued Patent No. 5,543,197 ("the '197 patent") to Jay Plaehn for a process to randomly strand parallel, laminated bamboo boards and beams.  The Plaintiff is the exclusive licensee of the '197 patent.

The Defendant, who operates under the name "Plyboo," market bamboo flooring and plywood manufacturing using a system referred as the "Strand Process." The Strand Process involves mixing strands of bamboo with an adhesive that thrashes and compresses the strands under high pressure to create planks. These planks are kiln-dried, milled, sanded, and finished into a final product.

The Plaintiff filed a Complaint on November 5, 2007, claiming that the Defendant's conduct directly and indirectly infringes the '197 patent and should be enjoined to prevent future damage.  (Dkt. #1)  The Defendant's answered on December 28, 2007 and asserted 20 affirmative defenses, including statute of limitations, waiver, estoppel, and unclean hands. (Dkt. #7) In addition, the Defendant asserted six counterclaims, including unfair competition, violation of Section 2 of the Sherman Act, and seeking declaratory judgment on all the issues of patent invalidity, non-fringement, unenforceability.  *Id.*

## III.  Discussion

**A.     Federal Rule Civil Procedure 12(b)(6) Standard.**

A motion to dismiss for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) should be granted only if, accepting all of the allegations of material fact as true, and construed in the light most favorable to the nonmoving party, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The plaintiff, however, must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).  Dismissal may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Defendant's Inequitable Conduct Defense and Counterclaim Should Be Amended**

---

[1]The Court will not address the Plaintiff's Motion for a More Definite Statement because it is permitting the Defendant to amend its counterclaims and inequitable conduct affirmative defense.

Plaintiff moves to dismiss Defendant's unenforceability counterclaim because it failed to state the circumstances of the alleged fraud with particularity, pursuant to Fed. R. Civ. P. 9(b). *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud...shall be stated with particularity.") Ninth Circuit precedent has interpreted Rule 9(b) to require litigants to state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See, e.g., Teamsters Local #427 v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981). Furthermore, the claim must detail "what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In this case, the Defendant provides insufficient detail as to the time, place, and specific content of the false representations as well as the identity of the party to the misrepresentation. The Defendant alleges:

> [(The '197 patent)], allegedly exclusively licensed to Teragren, was obtained on inventions that not only had been widely known and publicized in the public domain well prior to the patent application date, but had been offered for sale in the public domain well prior to the patent application date. Most importantly, despite Teragren's allegations, the bamboo stranded products offered in the US market do no infringe any of the claims of the '197 Patent.

> \*   \*   \*

> The '197 Patent is, on information and belief, unenforceable because it was obtained through misrepresentations and/or fraud on the United States Patent and Trademark Office. On information and belief, the putative inventor of the '197 Patent represented that he was the inventor with knowledge that subject matter of the claims of the '197 Patent was invented by another, and had previously been offered for sale by another in the United States.

*Answer, Affirmative Defenses and Counterclaims*, p. 4, 6. (Dkt. #7). The Defendant's inequitable conduct claim simply says that Mr. Plaehn did not invent the '197 patent. In addition, the Defendant's inequitable conduct claim as currently alleged is identical to its invalidity claim. Inequitable conduct requires proof that "material information was withheld from the patent examiner with the intent thereby to deceive or mislead the patent examiner into granting the patent." *Herbert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996). Rather than dismissing the counterclaim, the Court will permit the Defendant to amend his inequitable conduct affirmative defense and counterclaim.

## C.   Defendant's Antitrust Counterclaims Should Be Amended

Teragren contends that the Defendant's antitrust counterclaim should be dismissed because the Defendant's counterclaim contains only conclusory legal allegations and has no specific factual allegation. Further it claims that because the Defendant fails to comply with the pleading standards provided in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the antitrust claims should be dismissed.

Under *Twombly*, a litigant should do more than simply state the elements of a cause of action to comply with Fed. R. Civ. P. 8(a)(2).  Further, a litigant must "provide the 'grounds' of his 'entitle[ment to relief'[which] requires more than labels and conclusions." *Twobly*, 127 S. Ct. 1964-65 (internal citations omitted).  The litigant must plead a claim that moves "across the line from conceivable to plausible." *Id*.

Although the Defendant highlights a number of facts to suggest that there is a plausible antitrust counterclaim, *see Answer*, p. 13-4 (Dkt. #7), it fails to satisfy the heightened pleading requirements under Fed. Civ. P. 9(b) and *Twombly*.  Therefore, the Court will permit the Defendant to amend its antitrust counterclaims.

### 1.    The Bad Faith Enforcement Claim Should Be Amended

Defendant argues that because it sufficiently plead its inequitable conduct claim, its *Walker Process* claim is sufficiently plead.  *Opposition*, p. 13  (Dkt. #16).  As stated above in the inequitable conduct section, *supra* p. 2-3, the Defendant fails to allege precisely what conduct constituted fraud or how such conduct was a deliberate scheme to defraud the U.S. Patent Office.  The Defendant's *Walker Process* claim as currently alleged is no different from its invalidity claim. Rather than dismissing the counterclaim, the Court will permit the Defendant to amend his bad faith enforcement counterclaim.

### 2.    The Bad Faith Litigation Claim Should Be Amended

The Plaintiff asserts that the Defendant fails to state a claim because it does not assert facts as to why a claim would violate antitrust laws or how the Plaintiff's conduct falls into one of the exceptions to *Noerr-Pennington* protection.  *Reply*, p. 7 (Dkt. #10).  In the Ninth Circuit, sham litigation claims are subject to a heightened pleading standard. *See, e.g., Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board*, 542 F.2d 1076, 1082 (9th Cir. 1976) (A complaint must include allegations of specific activities which bring a defendant's conduct into one of the exceptions to *Noerr-Pennington* protection).  In this case, the Defendant fails to plead a claim that highlights the two-part criteria for "sham" litigation: 1) the lawsuit must be objectively mertiless and 2) the baseless lawsuit conceals an attempt to interfere directly with the business relationship of a competitor. *Professional Real Estate Investors v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993).  Rather than dismissing the counterclaim, the Court will permit the Defendant to amend its antitrust bad faith litigation counterclaim.

### D.    Defendant's Unfair Competition Claim Should Be Amended

To prove that a false statement is actionable under Section 43(b) of the Lanham Act, a person must

show that the statement 1) is likely to cause confusion as to the affiliation or connection of the parties, or   2) is made in commercial advertising and promotion and misrepresents the nature, characteristics and qualities of another persons goods.  *See* 15 U.S.C. § 1125(a).

The Ninth Circuit has required a party to plead a claim under the Lanham Act with some particularity. In order to state a claim for false advertising under 43(a) of the Lanham Act, a party must allege 1) the opposing party made a false statement of fact in a commercial advertisement or promotion about his own or another's product; 2) that the statement actually deceived or has the tendency to deceive a substantial segment of its audience; 3) that the deception is material, in that it is likely to influence the purchasing decision; 4) that the party caused its false statement to enter interstate commerce; and, 5) that there has been or will be injury as a result.  *See Cook, Perkiss and Leihe*, *Inc. v. Northern California Collection Services, Inc.,* 911 F.2d 242, 244 (9th Cir. 1990).

The Defendant's counterclaim does not include allegations that the false representations of the Plaintiff are likely to cause confusion.    Rather than dismissing the counterclaim, the Court will permit the Defendant to amend its Lanham Act counterclaim.

**E.**     **Defendant's Claim Under the Washington Consumer Protection Act Should Not Be Dismissed**

The Defendant alleges that the Plaintiff violated Washington's Consumer Protection Act. The Washington Consumer Protection Act (CPA) prohibits unfair competition.  RCW 19.86 *et. seq*.  To prove a violation of the CPA, a party must show: 1) an unfair or deceptive act; 2) the act occurred in the conduct of trade or commerce; 3) the act has an impact on the public interest; 4) injury to the claimant; and, 5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986).

In order to determine whether a matter affects the public interest, a court considers a number of factors: 1) were the alleged acts committed in the course of the defendant's business; 2) are the acts are part of a pattern or generalized course of conduct; 3) were repeated acts committed prior to the act involving plaintiff; 4) is there a real and substantial potential for repetition of defendant's conduct after the act involving the

plaintiff; and, 5) if the act complained of involved a single transaction, were many consumers affected or likely to be affected by it.  *Id.* at 790-91.  In this case, the Plaintiff moves to dismiss this counterclaim because the Defendant did not allege facts sufficient to establish that the conduct at issue has an effect on the public interest.  Teragren also moves to dismiss the remaining counterclaim, claiming that the Defendant fails to properly allege facts supporting  the conclusion that a substantial portion of the public has been deceived by Teragren's alleged acts.

The Court will not dismiss this claim.  First there is no heightened pleading requirement for the CPA such that failure to plead every element in the cause of action would result in dismissal.  Second, the purpose of a pleading is to give the party notice of the claim.  *See Conley v. Gibson*, 355 U.S. 461 (1957).  If the Plaintiff needs to conduct additional discovery, it may.  The Court hereby DENIES the Plaintiff's Motion to Dismiss on the Defendant's claim under the CPA.

### IV.   Conclusion

The Court DENIES the Defendant's Motion to Dismiss.  Instead, the Court will permit the Defendant to amend its inequitable conduct affirmative defense and counterclaim, its antitrust claims, and its Lanham Act claim.  The Defendant must file its Amended Answer, Affirmative Defenses and Counterclaims within fifteen days from the date of this Order.

IT IS SO ORDERED.

DATED this 17th day of March, 2008

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE