The Honorable Ronald B. Leighton

07-CV-05612-ORD

FILED _____ LODGED
_____ RECEIVED

JUN 2 0 2008

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERAGREN, LLC, a Washington limited liability company, | Civil Action No. C07-5612-RBL |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| SMITH & FONG COMPANY, a California corporation | **NOTE ON MOTION CALENDAR: June 12, 2008** |
| Defendant. | |

This matter having come before the Court pursuant to the Parties' Stipulated Motion for Protective Order;

WHEREAS, the Parties agree that this case involves discovery of confidential, proprietary and trade secret information; and

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) ............................................................. 1

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

WHEREAS, responses to discovery may likely require disclosure of customer lists and economic and business planning information both of which are confidential and proprietary; and

WHEREAS, good cause therefore exists for entry of this Protective Order;

WHEREAS, the Parties agree that certain "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" documents (collectively "Confidential Information") will be treated as follows:

**1. Categories of Confidential Information**

(a) **CONFIDENTIAL.** A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Confidential" if, in the discretion of the producing or testifying entity, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees or any non-party.

(b) **HIGHLY CONFIDENTIAL.** In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to information designated as Confidential. A document, court filing, response to interrogatory or request for admission, or testimony of a witness may be designated by a party as "Highly Confidential" if, in the discretion of the producing or testifying entity, it is determined in good faith (1) to contain nonpublic information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees or any non-party and (2) that disclosure of such information to opposing parties or other persons may be detrimental.

**2. Designation of Information Produced**

(a) Any answers, responses or documents deemed Confidential under Paragraph 1(a) by the Producing Party shall be marked or stamped by the Producing Party as "CONFIDENTIAL."

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL)..................................................2

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

(b) Any answers, responses or documents deemed Highly Confidential under Paragraph 1(b) by the Producing Party shall be marked or stamped by the Producing Party as "HIGHLY CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "OUTSIDE COUNSEL ONLY." These markings shall be collectively referred to as "HIGHLY CONFIDENTIAL" below.

(c) Stamping or marking material as set forth in Paragraphs 2(a) and 2(b) shall constitute certification by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

3. **Depositions**

(a) If Confidential Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal as provided herein.

(b) During any deposition, counsel for the Producing Party may request, including by making an appropriate statement on the record at the time of the taking of the deposition testimony, that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The room in which the deposition is being taken shall, at the request of the Producing Party, be closed in accordance with the restrictions of Paragraphs 4 and 5. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the Producing Party to advise or instruct the witness not to answer.

(c) Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as HIGHLY CONFIDENTIAL in their entirety until thirty (30) days after receipt of the transcript, unless the parties expressly agree otherwise. Within thirty (30) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The designation shall be accomplished by a letter or e-mail to all other parties and the court reporter listing the pages, lines, and exhibits constituting Confidential Information and the category of confidentiality. If the Producing Party previously

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 3

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

designated portions of testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL during the deposition, the Producing Party is not required to re-designate those portions of the transcript during the thirty (30) day period unless the Producing Party wants to change the designation.

(d) The pages of the transcript designated as containing Confidential Information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting Confidential Information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Paragraphs 1(a) and 1(b). Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraphs 2(a) and 2(b). To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter.

(e) Failure to designate testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL either at a deposition or within thirty (30) days after receipt of the transcript shall not be deemed a waiver of the right to designate such testimony as Confidential Information. If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL upon receipt of written notification from the Producing Party. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take reasonable steps to conform distribution to the categorical designation, i.e., by retrieving all copies of the Designated Material, or notes

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 4

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in this Order.

**4.    "CONFIDENTIAL" Restrictions**

Confidential Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information;

(b)    no more than three (3) officers and employees of a Receiving Party: (1) to whom disclosure is reasonably necessary in connection with this litigation; (2) who have signed the "Undertaking" (Exhibit A); and (3) as to whom the procedures set forth in Paragraph 6, below, have been followed.

(c)    Experts (as defined in Paragraph 6) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Undertaking" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 6, below, have been followed;

(d)    court reporters, their staffs, and professional vendors, such as copy services, to whom disclosure is reasonably necessary for this litigation and who have signed the "Undertaking" (Exhibit A);

(e)    during their depositions and/or trial, witnesses who are or were employees or representatives of the Producing Party, where such disclosure is reasonably necessary; and

(f)    persons who appear on the face of documents marked CONFIDENTIAL as an author, addressee, recipient or source thereof, or who have been

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................. 5

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

established by testimony as having, with reasonable certainty, reviewed or seen such documents and at the time, were authorized to do so.

5. **"HIGHLY CONFIDENTIAL" Restrictions**

Confidential Information designated as HIGHLY CONFIDENTIAL shall not be disclosed except by the prior written consent of the Producing Party or pursuant to a further order of this Court, to any person other than those person(s) described in Paragraph 4, with the exception of Paragraph 4(b), and with respect to Paragraph 4(e), only those employees or representatives who have been established as having authority or having had authority to see such information or documents.

6. **Undertaking**

No disclosure of any Confidential Information shall be made to any person, pursuant to Paragraphs 4(b) or (c), unless the person to whom disclosure is to be made has signed, prior to any disclosure of Confidential or Highly Confidential Information, an Undertaking in the form attached to this Order as Exhibit A. Independent experts pursuant to Paragraph 4(c) means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant, and who is not a past or current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with the litigation. Prior to providing any expert or consultant with Highly Confidential Information, the Receiving Party shall provide in writing to the Producing Party the expert or consultant's name, employment, affiliations and relationship to any of the parties, and a copy of a signed Undertaking by such person. If during the following ten (10) days, the Producing Party objects to the disclosure, supported by a specific statement regarding the reason for the objection, then no disclosure shall be made until such time as the Receiving Party obtains from the Court an Order compelling such disclosure. The parties shall confer in good faith to resolve any such

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 6

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

disagreements prior to bringing any motion to compel disclosure. With respect to each non-testifying expert or consultant who is to receive Confidential Information under this Order, each such non-testifying expert or consultant shall first execute an Undertaking and counsel for the disclosing party shall retain a copy of such Undertaking in its possession. The Receiving Party shall promptly provide the Producing Party with a copy of all executed Undertakings, except that in the case of any non-testifying experts or consultants retained by the Receiving Party's attorneys for any party for purposes of assisting in this litigation, the Receiving Party shall provide the Producing Party with a copy of all Undertakings executed by such non-testifying experts or consultants within thirty (30) days of the conclusion of this litigation, whether by way of settlement or judgment, including the exhaustion of all appeals. Notwithstanding the foregoing, in the event a Receiving Party seeks to disclose any Confidential Information under this Order to any non-testifying expert or consultant who may also be a competitor of the Producing Party or employed by or an agent of such competitor, the procedure for providing a copy of an executed Undertaking and objecting set forth above in paragraph 5(d) for testifying experts or consultants shall apply.

7.  **Stipulated Motions Pursuant to Local Rule 5(g)**

If one party desires to file with the Court another party's Confidential Information, the Producing Party's designation of that information as Confidential or Highly Confidential shall represent the Producing Party's consent to a stipulated motion pursuant to Local Rule 5(g) in a form substantially equivalent to that attached as Appendix A, without further notice necessary to the Producing Party.

If one party desires to file with the Court its own Confidential Information, or Confidential Information produced by a third party, it shall notify the other party of the documents that it intends to file and seek the other party's consent to a stipulated motion pursuant to Local Rule 5(g) in a form substantially equivalent to that attached as Appendix A, such consent not to be unreasonably withheld.

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................... 7

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

The Court ORDERS that the following procedures shall be used regarding certain documents in this mater:

1. **Filing Under Seal – Local Rule 5(g) Applies**

(a)   If any party wishes to file with the Court any document that contains or comprises Confidential or Highly Confidential information, that party shall file that document under seal and shall simultaneously bring a supporting motion for leave to accept that document under seal pursuant to Local Rule CR 5(g)(2). If that motion is denied, the filing party shall promptly re-file that document so it is available on a public basis. In either event, the document shall been deemed timely filed as of the date of the motion under Local Rule CR 5(g)(2).

(b)   If, through inadvertence or otherwise, any Confidential or Highly Confidential document is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

2. **Objection to Designation**

Any party may contest the designation of any document or Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The Producing Party and Receiving Party shall confer in good faith to resolve any such disagreements. This Court shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

3. **Disclosure**

(a)   *Inadvertent Disclosure of Confidential Information.* If, through inadvertence, the Producing Party provides any material containing Confidential Information during the course of this litigation without designating the material as set forth in Paragraph 2 above, the Producing Party shall promptly inform the Receiving Party in writing of the confidential nature

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................... 8

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

of the material and specify the designation that should be applied to the material. The Receiving Patty shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the Receiving Party has not already disclosed the material.

(b)     *Required Disclosure.* In the event that any person in receipt of Confidential Information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the Confidential Information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the Producing Party.

(c)     *Unauthorized Disclosure.* If material containing Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

(d)     If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Designating Party or other person otherwise would be entitled. If a claim of inadvertent production is made pursuant to this Paragraph, with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The party returning such material may then move the Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL).................................................................9

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

4. **Limitation on Use and Survival**

(a) Any Confidential Information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatever.

(b) All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Order.

5. **Producing Party's Use**

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own Confidential Information to any person; or from consenting to the disclosure of its own Confidential Information by the Receiving Party.

6. **Independent Source**

This Protective Order does not prohibit the use or disclosure of confidential material lawfully obtained from an independent source even if such material is designated as Confidential Information under this Order. Where such information is lawfully obtained from another source, the specific materials provided by the Producing Party shall be maintained as confidential. The restrictions on use and disclosure set forth in this Order shall not apply to information that, prior to being obtained by the Receiving Party pursuant to this Order, either is lawfully in the possession or knowledge of the Receiving Party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Order shall further not apply to information that, after being obtained by the Receiving Party pursuant to this Order, becomes demonstrably public knowledge other than by act or omission by the Receiving Party.

7. **Return**

At the conclusion of this action, all tangible Confidential Information, and all copies of Confidential Information or any derived summaries, memoranda, or other records containing

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 10

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Confidential Information shall, at the Receiving party's option, be destroyed or returned to counsel for the Producing Party; except that counsel for each party way retain one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as confidential, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product.

8. Protection of Third Parties

An entity that is not a party to this litigation may take advantage of the protection of Confidential Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the Producing Party under this Order.

DATED _____, 2008.

SO ORDERED this 20th day of June, 2008.

_____
Ronald B. Leighton
United States District Judge

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL)............................ 11

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

With the filing of this Proposed Order, the parties agree that (1) provisions 1-6 of the "Whereas" clause above are a binding agreement; and (2) violation of this agreement may cause harm for which there is no adequate remedy at law and agree injunctive relief may be necessary.

Presented By:

**SEED IP LAW GROUP PLLC**                                **PERKINS COIE LLC**

By: s/Timothy L. Boller/                                  By: s/Ramsey M. Al-Salam/ w/permission
   Timothy L. Boller, WSBA #29079                    Ramsey M. Al-Salam, WSBA No. 18822
   TimB@SeedIP.com                                    RAlsalam@perkinscoie.com
   Nima A. Seyedali, WSBA # 37014                     Elana Sabovic Matt, WSBA #37719
   NimaS@SeedIP.com                                   EMatt@perkinscoie.com
   SEED Intellectual Property Law Group, PLLC         1201 Third Avenue, Suite 4800
   701 Fifth Avenue, Suite 5400                       Seattle, WA 98101-3099
   Seattle, Washington 98104                          Telephone: (206) 359-8000
   Telephone: (206) 622-4900                          Facsimile: (206) 359-9000

   Omid A. Mantashi, WSBA #32519                   Attorneys for Plaintiff
   Law Offices of Omid A. Mantashi                 TERAGREN, LLC
   360 Grand Avenue, Ste. 90
   Oakland, California 94610
   Telephone: (510) 593-9442

Attorneys for Defendant
SMITH & FONG COMPANY

Attorneys for Intervenor
ANJI TIANZHEN BAMBOO FLOORING
COMPANY, LTD

1183660_1.DOC

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 12

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## I. UNDERTAKING

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment) am about to receive Confidential Information supplied by _____ (Party). I certify that I understand that such Confidential Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2008, in Civil Action No. C07-5612-RBL in the U.S. District Court for the Western District of Washington at Tacoma. I further represent that I have been given a copy of and have read that PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER maybe punishable by Contempt of Court.

_____    _____
Date                              Signature

1183221_1.DOC

[PROPOSED] PROTECTIVE ORDER
(C07-5612-RBL) .................................................................. 13

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900